IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| SOLID STATE CHEMICALS LTD., AND;<br>AND SOLID STATE CHEMICALS INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHLAND LLC,<br><br>Defendant, | 2:19-CV-01044-MJH |

OPINION AND ORDER

Plaintiffs, Solid State Chemicals LTD and Solid State Chemicals Inc., bring the within action against Defendant, Ashland, LLC, arising out of an alleged breach of a Manufacturing Services Agreement (MSA). (ECF No. 22). Solid State's Complaint and Amended Complaint alleged claims that Ashland breached the MSA by shutting down production of solid maleic anhydride. (ECF Nos. 1 and 22). Ashland asserted a counterclaim on the same MSA alleging, inter alia, that Solid State had failed to contribute to significant capital investments or equipment under Section 2.10. (ECF No. 23). On March 24, 2022, this Court issued an Opinion (ECF No. 89) on Ashland and Solid State's respective Motion for Summary Judgment (ECF Nos. 54 and 57) and issued an accompanying Order (ECF No. 90), which stated in part as follows:

> Ashland's Motion for Summary Judgment on its Counterclaims for its Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing, MSA Section 2.10, for cost sharing of capital investments and equipment is denied. Solid State's Motion for Summary Judgment on said Counterclaims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing for cost sharing of capital investments and equipment, is granted. Judgment is entered in favor of Solid State on said MSA Section 2.10 Counterclaims.

> Solid State's Motion for Summary Judgment on its Breach of Contract claim for

> Ashland's shutdown of production is denied. Ashland's Motion for Summary Judgment on Solid State's Breach of Contract claim for shutdown of production is granted. Judgment is entered in favor of Ashland.

Solid State now moves for clarification/reconsideration (ECF No. 92) on said portion of this Court's Opinion and Order. The matter is now ripe for consideration.

After consideration of Solid State's Motion for Clarification/Reconsideration (ECF No. 92), the respective briefs of the parties (ECF Nos. 93, 95, and 98), and for the following reasons, Solid State's Motion for Clarification/Reconsideration will be denied. As the Court provided extensive factual background and discussion in its March 24, 2022 Opinion (ECF No. 89), it will not repeat the same here.

    I.    Discussion

Solid State maintains that this Court's Opinion was internally inconsistent because, when it held that MSA Section 2.10 was unenforceable as a matter of law, Ashland's termination based upon Section 2.10 should have been declared a breach of contract. Solid State contends that its motion for summary judgment on its breach of contract claim against Ashland should have been granted.[1] Moreover, Solid State interprets that this Court's decision on Ashland's motion to dismiss (ECF No. 21) concluded that Ashland could not stop production indefinitely under MSA Section 2.9. Therefore, Solid State argues that Ashland could not terminate the contract under MSA Section 2.10. Accordingly, Solid State asserts that this Court erred in finding the contract terminated and that Ashland did not breach the contract by its declaration of termination.

In response, Ashland contends that clarification should be denied because Plaintiffs did not make a specific request on what it sought to have clarified and that Plaintiffs cannot use

---

[1] Solid State did not plead wrongful termination under Section 2.10 as a basis for its claim of breach of contract against Ashland. (ECF Nos. 1 and 22).

reconsideration to relitigate issues already resolved by the Court.  Further, Ashland maintains that the Court has already addressed—and rejected—Solid State's contentions on summary judgment.

A motion for clarification is available for parties to ask a court "to explain or clarify something ambiguous or vague about a court's decision, not to alter or amend it." *Air & Liquid Sys. Corp. v Allianz Underwriters Ins. Co.*, 2014 U.S. Dist. LEXIS 117827, at *86 (W.D. Pa. 2014).

"Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly." *Noble v. Wetzel*, 2022 U.S. Dist. LEXIS 35094, at *2 (W.D. Pa. 2022). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration are not intended "to relitigate issues the court has already decided" or to call upon a court "to rethink a decision it, rightly or wrongly, has already made." *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 2013 U.S. Dist. LEXIS 110244, at *4 (W.D. Pa. 2013). Accordingly, "[a] court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice." *Noble*, 2022 U.S. Dist. LEXIS 35094 at *1 (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Here, neither clarification nor reconsideration is warranted.  In its Motion for Summary Judgment Opinion, this Court found then, and reiterates now, that as of July 2019, a state of bilateral termination existed between the parties as regards the MSA.  In the circumstance where environmental health and safety conditions excused Ashland's duty to perform, (Section 2.9),

and where Section 2.10 was not enforceable, and where the parties did not otherwise agree upon any plan for corrective action, resolution of the environmental health and safety concerns was at an irreconcilable impasse.  In such circumstance, Ashland had no further duty to perform under Section 2.9.  Moreover, each party declared the MSA terminated.  *See* ECF No. 89 at p. 8 (discussion of MSA termination).  Further, regardless of Ashland's declaration, there is no question that Solid State terminated the MSA based upon its assertion of non-performance and breach by Ashland.

Second, as regards Solid State's allegations that this Court's March 24, 2022 summary judgment decision was inconsistent with this Court's motion to dismiss Opinion, this Court finds no inconsistencies in its interpretations of Section 2.9 and 2.10.  At the time of the Motion to Dismiss, the Court found ambiguity with regard to Section 2.10 and noted that such may impact the duty (or lack of duty) for Ashland to resume production with regard to the operation of Section 2.9.  Thus, the Court deferred to Solid State's pleadings pending the development of discovery on the issue. The Motion to Dismiss Opinion applied the appropriate standard of review attendant to that stage of the case.  The Court could not and did not rule on the interplay between Section 2.9 and Section 2.10, or draw any conclusions as to how Section 2.10 might impact operation of Section 2.9.  Only at the motion for summary judgment stage, when the Court was able to address the ambiguity in light of the developed record, was this Court able to determine that Section 2.10 was void and not enforceable.   Furthermore, the Court finds no inconsistency in the conclusions reached in each opinion. The Court's two Opinions were consistent with the pleadings, the MSA, and the development of facts in this case.

Accordingly, this Court finds no basis to reconsider and/or clarify its March 24, 2022 Opinion and Order.

II.     Conclusion

Based upon the foregoing, Solid State's Motion for Reconsideration/Clarification is denied. A separate order will follow regarding scheduling of pre-trial matters.

DATED this 26th day of May, 2022.

BY THE COURT:

MARILYN J. HORAN
United States District Judge